## J. D. WOMACK vs. THE STATE OF TEXAS.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Evidence—Confessions.*—The admissibility of a confession made by a defendant, when not under arrest or in custody, must be determined by the rule at common law. The statutory rule does not apply in such case.

*Same.*—For such confessions to be admissible, it must be made to appear that they were made voluntary, without being induced by threats or promises.

Appeal from Erath county.

Our statute provides that "the confession of a defendant may be used in evidence against him if it appear that the same was freely made without compulsion or persuasion under the rules hereafter prescribed." C. C. P. Art. 749. None of the rules prescribed by statute are applicable to the question raised by the bill of exceptions in this record, because the appellant at the time of making the confession was neither in confinement or under arrest.

If it be admitted that our code makes provision only for such confessions as are made when the defendant is in jail or other place of confinement, or whilst in custody of an officer, (C. C. P. Art. 750,) then, in the absence of a statutory rule, we would be relegated to the common law for a rule which would govern. (C. C. P. Art. 725.)

At common law the rule was that "the confession must be voluntary and not obtained by improper influence nor drawn from the prisoner by means of a threat or promise, for however slight the threat or promise may have been, a confession so obtained cannot be received in evidence on account of the uncertainty and doubts whether it was not made rather from a motive of fear or of interest than from a sense of guilt." Phil. Erid 86; Manor v. The State, 29 Texas, 369. "The material inquiry, therefore," says Mr. Greenleaf, "is whether the confession has been obtained by the influence of hope or fear applied by a third person to the mind of the prisoner." * * * The rule of law applicable to all cases only demands that the confession shall have been involuntarily made without the appliances of hope and fear by any other person." 1 Greenleaf Erid, 13 Ed., sec. 29; Wharton Criminal Evid., 8 Ed., secs. 650-551. See also Roscoe's Criminal Evid., 17 Ed., p. 40 et seq, and note.

As shown by the bill of exceptions in this case the purported confession of defendant wos made under the following circumstances: The prosecutor, Henderson, told defendant that he (Henderson) had consulted with the district attorney, and that officer had authorized him to say to defenpant that if he would turn states evidence against his co-defendant Fuller, he (defendant) would not be prosecuted for the theft of the hogs. Henderson also promised defendant that he (Henderson) would not file any complaint against him if defendent would appear and testify against Fuller. Under these promises the purported confession which the court admitted over objection of defendant to be given in evidence were made to the prosecutor Henderson. As a reason for admitting this evidence the learned judge in his explanations to the bill of exceptions states in substance: that after the agreement with the district attorney and Henderson, the defendant repudiated the agreement, and not only refused to testify against Fuller, but also denied having told Henderson anything. That defendant subsequently repudiated the agreement does not and cannot affect the question as to the circumstances under which

the confession was made. At the time it was made was he or not induced to make it through the promise of hope held out to him by Henderson ? If so, then no subsequent act of bad faith on his part could or would render valid and legal that which *per se* was illegal and inadmissible as a voluntary confession.

We are clearly of opinion that the court erred in admitting the confession over the objections of defendant as shown by the bill of exceptions. There is no similiarity or rather identity between judicial and extra judicial confessions with regard to the rule invoked by the learned judge in his explanation. Had the confession been a judicial one or one made under such circumstances as those provided for in article 750 of the code of procedure, and the defendant had subsequently repudiated his agreement to testify against his codefendant, the fact that he had been previously cautioned that his evidence would be used against him if he failed so to testify, would doubtless have rendered the confession admissible as evidence against him when tried for the offense. But when not under arrest or in custody, or in any of the conditions pointed out in article 750, to make the confession of a party admissible, it must have been voluntary, that is, one not induced by any promise creating hopes of benefit or any threats creating fear of punishment. Warren v. State, 29 Texas 369.

In addition to this error committed by the court in the admission of the confession of defendant, we are of opinion, even taking the confession to have been properly admitted, and as part of the evidence that the testimony is not sufficient to establish the guilty complicity of defendant in the taking or theft of the hogs, however much it may show his conduct and subsequent connection with the stolen property to be reprehensible in morals and law.

Judgment reversed and cause remanded. White, P. J.